## SUPREME COURT—IN BANCO.

### JANUARY TERM—1875.

*Harris and Judd, J. J.*

KAHAWAII COLLINS AND CHAS. W. COLLINS *vs.* AKOI, (CHINESE.)

DEVISE of "the land, the house and the horse to K., the sisters shall be under him ;" HELD that the said sisters took no estate which could descend to any one.

Jury being waived.

This is an action of ejectment in which the plaintiffs claim that Kahawaii Collins, who is the wife of Charles W. Collins, is the daughter of one Paniani who deceased in 1853, and entitled to a portion of the parcel of land described in their complaint, which belonged to the estate of the said Paniani at the time of his death. The defendant admits himself to be in possession of the land in question and claims that he has derived his title from Kamauoha, a son of the deceased Paniani.

It appears from the proofs and admissions that Paniani had several children at the time of his decease; that the plaintiff had grown up and gone away from him, and that the others, (three in all,) two girls and a boy, (Kamauoha,) were very young children at the time of his decease, the offspring of a late marriage. Paniani died of small-pox in December, 1853. It appears that all his children have since deceased, leaving no issue except the plaintiff Kahawaii Collins, and Kamauoha, and it is admitted that the defendant has all the rights of Kamauoha in the premises.

A paper is put in evidence which reads as follows:

"Kemakepapa la 19, 1853. Owau no ka mea ka inoa—Paniani ke hooili aku nei au i ka aina a me ka hale a me ka

Kahawaii Collins and C. W. Collins *v.* Akoi.

lio no Kamauoha o na kaikuahine malalo o Haumea ka mea malama ia lakou e hooponopono i ko lakou waiwai me ia no a pau kona ola.

"Nau no Paniani i hooili aku a mau loa aku X.
"Ike maka:   Puamana, Kanui, Kahue, Luika."

And which we translate as follows :

"December 19th, 1853.  I whose name is Paniani bequeath the land, the house and the horse to Kamauoha. The sisters shall be under him.  Haumea shall be guardian of their persons and property, during her life."

The word "their" (lakou) being applicable to all his children.

This paper, which is written apparently with infinite pains by an exceedingly ignorant person, was admitted to probate by the late Judge Andrews as the last will and testament of Paniani, on the 5th of November, 1854, and it is admitted that Paniani had no landed property except that described in the complaint.

The only thing left for us to do is to give a construction to the will, which does not seem difficult to be done.

We are not convinced that the intention of the testator was to bequeath to Kahawaii any thing, since, in the same. sentence he says, that Haumea was to be the guardian of their persons and property, and the word used for guardian is (malama) to take care of them, and it does not appear that Kahawaii, who had grown up and gone away from him, needed any such guardianship or care.  But for the decision of this case it is not necessary to rule definitely on that point.

The will bequeaths the title in the estate to the testator's son (Kamauoha) and directs that his sisters should live there under him.  Consequently the deceased sisters had no estate which could descend to any one.  Their right of residence was simply an incumbrance during their life.  Therefore, if

75

the present plaintiff has any right, it is only a right to live there, and consequently judgment in the present action must be given for the defendant.

S. B. Dole for plaintiffs.

L. McCully for defendant.

Honolulu, January 14th, 1875.